UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSSEAN CRISPIN, | ) | CASE NO. 3:21-cv-886 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DENISE WALKER, et al. | ) | JULY 3, 2024 |
| *Defendants*. | ) | |

**INITIAL REVIEW ORDER**
RE: Amended Complaint (ECF NO. 73)

Kari A. Dooley, United States District Judge:

Plaintiff Jossean Crispin ("Plaintiff" or "Crispin"), a person incarcerated at Cheshire Correctional Institution ("Cheshire"), filed this civil rights action pro se under 42 U.S.C. § 1983 against Cheshire Warden Denise Walker, Administrative Remedy Coordinator Shelton, Counselor Supervisor Manick, Deputy Warden Peterson, Correctional Officer ("CO") Kaya, CO Guerro, LPC Jennifer Virbila, Lieutenant ("Lt.") Colella, CO Brooks, CO Buckland, Office of Population and Classification ("OPCM") Director Dave Maiga, CO John Does numbers 1–5, Discharge Planner Michael Sussel, Discharge Planner Domijan, Craig Burns, Commissioner Angel Quiros, Lt. Saas, Lt. Mazurek, CO Lambo, Administrator Nick Rodriguez, Administrative Remedy Coordinator Cooper, CO Szast, CO Farris, CO Borkowski, LPC Stephenson and Health Care Director Kocienda, each in their individual and official capacities. Initial Review Order ("IRO"), ECF No. 22 at 1.

After reviewing Plaintiff's complaint under Section 1915A of Title 28 of the United States Code, the Court permitted only the following claims to proceed: Plaintiff's individual capacity claims for damages for (1) First Amendment retaliation against Discharge Planners Sussel and Domijan, Officer Guerro, Officer Buckland, Lieutenant Saas and Correction Officer Lambo; (2) a

Fourth Amendment violation arising from a strip search against Officer Buckland; (3) Eighth Amendment deliberate indifference to mental health needs against LPC Virbila; (4) Eighth Amendment deliberate indifference to health and safety against Officer Farris for subjecting him to an unreasonable risk of harm through verbal harassment; (5) Eighth Amendment violation for harassing cell searches against Officer Guerro, Lieutenant Saas and Officer Lambo for further development of the record; (6) Fourteenth Amendment procedural due process violation against Counselor Supervisor Manick, Warden Denise Walker, and Deputy Warden Peterson in connection with Plaintiff's right to periodic review of his high security classification; (7) Fourteenth Amendment procedural due process violation against Officer Farris, Lieutenant Mazurek, Counselor Supervisor Manick, and Warden Walker in connection with the decision to place Plaintiff in administrative segregation; and (8) Fourteenth Amendment procedural due process violation against Disciplinary Report Investigator Borkowski, Officer Farris, Lieutenant Mazurek, and Counselor Supervisor Manick in connection with Plaintiff's disciplinary proceedings. IRO at 43. Accordingly, seventeen of the originally named defendants were terminated and all other claims were dismissed or severed.

Defendants filed a motion to strike Plaintiff's complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and requested the Court to order Plaintiff to file a "revised condensed complaint." Defs.' Mot. to Strike, ECF No. 38 at 1. The Court granted Defendants' motion and ordered Plaintiff to "file an Amended Complaint in which he asserts only those individual capacity claims permitted under the Court's initial review." ECF No. 42. The Court's order further stated that "Plaintiff may not re-assert any claims previously severed by the Court." *Id*. Finally, the Court ordered that "Plaintiff shall number his paragraphs sequentially and shall set forth a concise statement regarding the factual bases for each of [the permitted] claims." *Id.* The

Court eventually dismissed Plaintiff's complaint without prejudice because Plaintiff failed to file an amended complaint. ECF No. 46.

Plaintiff later moved to reopen his case. *See* Pl.'s Mot. to Reopen, ECF No. 49. The Court denied Plaintiff's motion to reopen his case without prejudice, permitting him to "refile his motion accompanied by the required amended complaint including only the claims [the Court permitted to proceed in the initial review order]." ECF No. 59. After receiving an extension, ECF No. 68, Plaintiff filed his Amended Complaint. Am. Comp., ECF No. 73.

**Scope of Amended Complaint**

While Plaintiff's Amended Complaint is improved in terms of length and clarity, he still provides extraneous facts, alleges new claims, realleges claims that have been dismissed, and adds defendants who were not previously named. These amendments exceed the scope of the Court's order on Defendants' motion to strike.

"District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted." *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (citing *Pagan v. N.Y. State Div. of Parole,* No. 98 Civ. 5840(FM), 2002 WL 398682 (S.D.N.Y. Mar.13, 2002) (granting defendants' motion to dismiss with prejudice as to new state law claims alleged in amended complaint when court's order granted plaintiff leave to replead only his § 1981 and NYSHRL claims); *Willett v. City Univ. of N.Y.,* No. 94 CV 3873, 1997 WL 104769 (E.D.N.Y. Feb.18, 1997) (declining to consider five of eight new claims in amended complaint, on the basis that they exceeded the scope of the court's order granting plaintiff leave to amend); *Kuntz v. N.Y. State Bd. of Elections,* 924 F.Supp. 364 (N.D.N.Y.1996) (dismissing three new claims in amended complaint where they "appear[ed] to

3

proceed on entirely new factual allegations and legal bases and clearly exceed the mandated scope of the Court's leave to amend"). While the Amended Complaint in this case was ordered, as opposed to permitted upon Plaintiff's motion, the parameters of the Amended Complaint were clearly set by the Court and the procedural posture of this case does not render these cases inapposite.

Accordingly, although the Court will not dismiss Plaintiff's amended complaint for exceeding the scope of the Court's order, *MacIntyre v. Moore*, 335 F. Supp. 3d 402, 410–11 (W.D.N.Y. 2018) (collecting cases) (declining to dismiss plaintiff's amended complaint for exceeding the scope of the permission granted, given his pro se status), it will dismiss any claims that did not survive initial review, *Palm Beach*, 457 F. App'x at 43, and will strike any paragraph in the amended complaint that is not relevant to the permitted claims. *Ruffino v. Murphy*, No. 3:09-CV-1287 (VLB), 2009 WL 5064452, at *1 (D. Conn. Dec. 16, 2009) (where "the Court order[ed] that [the paragraphs included in the amended complaint] that relate to dismissed claims, are hereby stricken from the complaint and are not to be considered by any party going forward."); Fed. R. Civ. P. 12(f)(1) (stating that the Court may *sua sponte* strike immaterial matter from a pleading).

**New Claims**

Plaintiff lists claims or theories of liability in the "Introduction" to his Amended Complaint, ECF No. 73 at 1–2, the majority of which are not further mentioned or factually supported. These include: violations related to the Civil Rights Act; the Protection and Advocacy for Individuals with Mental Illness Act; the Federal Patient Bill of Rights; the Hospital Bill of Rights; discrimination and retaliation for practicing a civil rights action against a qualified disabled individual; spoliation of documented evidence likely to be used in civil litigation; failure to act by supervisors; failure to protect by supervisors; systemic discrimination and retaliation against a

qualified disabled individual; bias and discrimination against the mentally ill; exploitation of a qualified disabled individual; and Eighth Amendment violations related to Plaintiff's solitary confinement. *Id.* at 1–3. To the extent Plaintiff attempts to bring a claim on any of these grounds, which is not clear, these claims are stricken as exceeding the scope of the claims permitted to proceed and with respect to which Plaintiff was ordered to file an amended complaint. *Palm Beach*, 457 F. App'x at 43. Plaintiff also mentions the American with Disabilities Act, the Rehabilitation Act, Fifth Amendment violations, conspiracy violations, and access to the courts violations. Am. Comp. at 1–3. To the extent Plaintiff alleges claims on any of these grounds, these claims are stricken because the Court has already considered and rejected such claims. *See* IRO at 16 n. 16, 19–20, 24, 39.

**Additional Defendants**

In the body of the Amended Complaint, Plaintiff identifies certain individuals as "defendant." To the extent he does so with respect to defendants previously terminated, the Amended Complaint shall not be construed as including claims against those defendants. Plaintiff also seeks to add Kelly Wolf-Craig as a new defendant arising out of events which appear to have occurred in 2024 upon Plaintiff's re-incarceration. *See* ECF No. 73 ¶ 36. Plaintiff claims that he sent a grievance to Wolf-Craig, who responded to the grievance. *Id.* Any purported claim against Wolf-Craig is stricken as beyond the scope of the amended complaint Plaintiff was ordered to file. *See*, *e.g.*, *M+J Savitt, Inc. v. Savitt*, No. 08 CIV. 8535 (DLC), 2009 WL 691278, at *10 n. 11 (S.D.N.Y. Mar. 17, 2009) ("Plaintiffs' assertion of this claim against additional defendants is outside the scope of the permitted amendment."). Further, all of the permitted claims arose during Plaintiff's incarceration in 2021. Distinct claims arising years later would not be properly joined in this action. See, Fed. R. Civ. P. 20, 21.

5

In his Amended Complaint, Plaintiff identifies a "Defendant: Watson" as a defendant who allegedly exacerbated his mental health issues by provoking Plaintiff, resulting in a disciplinary report. Am. Comp. at ¶ 89. Defendant Watson was not named as a Defendant in Plaintiff's original complaint. IRO at 9, n. 12. As such, he was not one of the defendant's the Court allowed claims to proceed against, and any purported claims against him are also stricken. *M+J Savitt, Inc.*, 2009 WL 691278, at *10 n. 11.

**Paragraphs to Strike**

The following paragraphs are stricken as immaterial to the claims permitted to proceed or because they represent an effort to re-litigate issues that have already been decided in favor of defendants: paragraph 2 (alleging conspiracy; already addressed (*see* IRO at 16 n. 16)), paragraph 5 (alleging access to legal documents was denied while Plaintiff was in segregation; already addressed (*see id.* at 18–19)), paragraph 36 (regarding Wolf-Craig; addressed above), paragraph 58 (alleging prisons are used to profit from prisoner slave labor; conclusory and beyond the scope of permitted amendment), paragraphs 67–69 (alleging Plaintiff was wrongfully disciplined for leaning on a wall; already addressed (*see id.* at 16)), paragraphs 79–87 (alleging legal documents were confiscated or withheld; already addressed (see *id.* at 18–20)), paragraphs 94–100 (alleging officials obstructed grievance process; already addressed (*see id.* at 19–20)).

**Motion for Reconsideration**

Plaintiff also moves the Court to reconsider its dismissal of his claim under the Americans with Disabilities Act ("ADA"). Am. Comp. at 27. "Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)); *accord Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A]

6

motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."). "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order," and must "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c)(1). A motion for reconsideration must also be filed within seven days of the date of the filing of the decision or order from which such relief is sought. *Id.*

Plaintiff's motion for reconsideration is untimely because it was filed approximately eleven months after the Court's initial review order. *Compare* IRO (issued June 6, 2023), *with* Am. Compl. (filed May 1, 2024). Furthermore, the motion is not accompanied by a memorandum "setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c)(1). Plaintiff provides no reasons for the Court to reconsider its dismissal of his ADA claim. *See* Am. Comp. at 27. Accordingly, the Court denies his motion to reconsider its dismissal of Plaintiff's ADA claim.

**Orders**

The Clerk of the Court is directed to Re-open this case. The court enters the following additional orders.

(1) The defendants shall file their response to the amended complaint, either an answer or motion to dismiss, by September 1, 2024. If they choose to file an answer, **they need not answer paragraphs or claims that have been stricken by this Order**. They may include all defenses permitted by the Federal Rules.

(2) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by February 3, 2025. Discovery requests need not be filed with the court.

(3) All motions for summary judgment shall be filed on or before March 3, 2025.

(4) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(5) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. **FAILURE TO DO SO MAY RESULT IN DISMISSAL OF THIS CASE.** Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write **PLEASE NOTE MY NEW ADDRESS** on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify the defendants or the attorney for the defendants of his new address.

(6) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the Court. Shaw is advised that the Program may be used only to file documents with the Court. As local court rules provide that discovery requests are not filed with the Court, discovery requests must be served on defendants' counsel by regular mail.

**SO ORDERED** at Bridgeport, Connecticut, this 3rd day of July 2024.

                                               */s/ Kari A. Dooley*
                                               KARI A. DOOLEY
                                               UNITED STATES DISTRICT JUDGE