UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSSEAN CRISPIN, | ) | CASE NO. 3:21-cv-886 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DENISE WALKER, et al., | ) | January 30, 2026 |
| *Defendants*. | ) | |

## ORDER ON PENDING MOTIONS

Kari A. Dooley, United States District Judge:

**Background**

Before the Court is Plaintiff's Amended Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for TRO"), ECF No. 82; combined "Motion of Judicial Cognizance, Motion for Contempt of Court Order, and Motion to Compel," ECF No. 93; Motion to Compel, ECF No. 99 (collectively "Motions to Compel," ECF Nos. 93, 99), and Motion of Judicial Cognizance, ECF No. 109. Defendants have responded to the Motion for TRO and the second Motion to Compel. *See* ECF Nos. 103, 108. Plaintiff has filed a reply pertaining to the Motion for TRO. *See* ECF No. 106. After careful review of these filings, Plaintiff's motions, ECF Nos. 82, 93, and 99 are **DENIED**. The Court takes no action on Plaintiff's Motion of Judicial Cognizance, ECF No. 109, because it seeks no affirmative relief.

**Motion for TRO, ECF No. 82**

Plaintiff has filed a Motion for TRO, ECF No. 82, supported by several addenda and declarations. *See* ECF Nos. 84–91, 95, 100–01. Defendants have filed an objection, arguing that the relief sought by Plaintiff in his Motion for TRO "is unrelated to the allegations in the amended complaint and defendants in this action." Def. Obj., ECF No. 103 at 1.

The Initial Review Order ("IRO") permitted Plaintiff to proceed on claims for: (1) First Amendment retaliation against Discharge Planners Sussel and Domijan, Officer Guerro, Officer Buckland, Lieutenant Saas and Correction Officer Lambo; (2) a Fourth Amendment violation arising from a strip search against Officer Buckland; (3) Eighth Amendment deliberate indifference to mental health needs against LPC Virbila; (4) Eighth Amendment deliberate indifference to health and safety against Officer Farris for subjecting him to an unreasonable risk of harm through verbal harassment; (5) Eighth Amendment violation for harassing cell searches against Officer Guerro, Lieutenant Saas, and Officer Lambo for further development of the record; (6) Fourteenth Amendment procedural due process violation against Counselor Supervisor Manick, Warden Denise Walker, and Deputy Warden Peterson in connection with Plaintiff's right to periodic review of his high security classification; (7) Fourteenth Amendment procedural due process violation against Officer Farris, Lieutenant Mazurek, Counselor Supervisor Manick, and Warden Walker in connection with the decision to place Plaintiff in administrative segregation; and (8) Fourteenth Amendment procedural due process violation against Disciplinary Report Investigator Borkowski, Officer Farris, Lieutenant Mazurek, and Counselor Supervisor Manick in connection with Plaintiff's disciplinary proceedings. IRO, ECF No. 22 at 43. All claims relate to events occurring at Cheshire Correctional Institution from January to June of 2021. *See id.* at 3–11.

Defendants moved to strike the Complaint. Def. Mot. to Strike, ECF No. 38. The Court granted the Defendants' Motion to Strike but permitted Plaintiff to file an Amended Complaint. *See* Order, Oct. 16, 2023, ECF No. 42. The Court dismissed Plaintiff's case without prejudice after he failed to file an Amended Complaint. *See* Order, Dec. 13, 2023, ECF No. 46. The Court permitted Plaintiff to file an Amended Complaint after he moved to reopen the case. *See* Order, Feb. 13, 2024, ECF No. 59. Plaintiff filed an Amended Complaint. Am. Compl., ECF No. 73. In

2

its IRO on the Plaintiff's Amended Complaint, the Court dismissed all claims that did not survive initial review.  *See* IRO Am. Compl., ECF No. 76 at 4.  Thus, the claims permitted to proceed were limited to those enumerated in the Court's IRO on the original Complaint.  *See* ECF No. 22 at 43.

Plaintiff's Motion for TRO, ECF No. 82, contains numerous allegations, many of which are either vague or conclusory.  Plaintiff alleges with some degree of specificity that (1) medical staff, at the direction of Warden Jennifer Peterson-Reis, have denied him his asthma breathing treatment, *id*. at 7–9; (2) Dr. Kelly Wolf told Plaintiff that he would not receive mental health treatment unless he stopped pursuing his pending civil cases against the DOC and the named defendants, *id*. at 9; (3) Peterson-Reis has continued to sign off on Plaintiff's high security status without affording him due process, *id*. at 11; (4) Peterson-Reis and Deputy Wardens Soley, and Nunes have threatened to refuse to disburse money from Plaintiff's prison trust account and download video evidence of his "false [i]ncarceration" and have interfered with his criminal proceeding by denying Plaintiff access to his attorney and legal mail, *id*. at 11–15; and (5) Peterson-Reis has refused to sign off on dispersal of funds from Plaintiff's prison trust account.  *Id*. at 19.

Plaintiff also alleges in addenda to his motion that (6) Correctional Officer Tello assaulted Plaintiff to prevent Plaintiff from pursuing his TRO, *see* ECF No. 84 at 1; (7) Correctional Officers Parker and Tello were "placed in close proximity" to Plaintiff to discourage him from pursuing litigation against Peterson-Reis, *id*. at 2; (8) Tello assaulted Plaintiff while he was trying to file motions, ECF No. 85 at 1; (9) Correctional Officer Edmonds "called a false code" on Plaintiff; ECF No. 95 at 2; (10) prison officials prevented Plaintiff from contacting Defendants' counsel about discovery; ECF No. 100 at 2; and (11) Correctional Officer Foss-Rugan issued Plaintiff a false disciplinary report.  *See* ECF No. 101 at 2–3.

A "[p]laintiff's requests for preliminary injunctive relief must relate to the claims in the operative complaint."  *Rashid v. Pierce*, No. 23-cv-1235 (VDO), 2024 WL 3495792, at *2 (D. Conn. July 22, 2024) (citing *DeBeers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction is inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit"); *McMillian v. Konecny*, No. 9:15-cv-0241 (GTS/DJS), 2018 WL 813515, at *2 (N.D.N.Y. Feb. 9, 2018) (relief sought in motion for temporary restraining order or preliminary injunction must relate to claims in complaint); *Torres v. UConn Health*, No. 3:17-cv-325 (SRU), 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief was not warranted because the claim in the motion was unrelated to underlying claims in the complaint)).

Further, a request for preliminary injunctive relief must generally be directed to named parties.  *See Jones v. Wagner*, No. 3:20-cv-475 (VAB), 2022 WL 263323, at *1 (D. Conn. Jan. 28, 2022) (citing, *inter alia*, *Oliphant v. Villano*, No. 3:09-cv-862 (JBA), 2010 WL 5069879, at *2 (D. Conn. Dec. 3, 2010) (denying preliminary injunction where "[n]one of the prison staff or psychiatrists mentioned in the motion for preliminary injunction and temporary restraining order are defendants in this action"); *In re Rationis Entm't Inc. of Pan.*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.")).

The majority of the claims asserted and the relief sought in the Motion for TRO implicate non-parties to this litigation or are wholly unrelated to the claims actually being litigated in this case.  The only allegations in Plaintiff's Motion for TRO that relate to a claim in his Amended Complaint are that prison officials have denied him mental health treatment and that Peterson-Reis signed off on his high security status without due process.  ECF No. 82 at 9, 11.  And of these,

4

only the allegation against Peterson-Reis is against a named party.[1]  The allegation pertaining to denial of mental health treatment is made against Wolf, *see id*. at 9, who is not a party to this suit.  To be clear, the Court cannot award injunctive relief against Wolf because she is not a party to this suit.  *See Abrams v. Waters*, No. 3:17-cv-1659 (CSH), 2018 WL 1469057, at *6–7 (D. Conn. Mar. 26, 2018) (collecting cases) (refusing request for injunctive relief against non-party because court lacked personal jurisdiction over that party and injunctive relief was otherwise improper under Rules 65(d)(B) and 65(d)(C) of the Federal Rules of Civil Procedure).  Thus, the Court will only consider whether Plaintiff's allegations against Peterson-Reis pertaining to Plaintiff's high security status warrant the injunctive relief sought.

"A preliminary injunction is a temporary measure intended to furnish provisional protection while awaiting a final ruling on the merits."  *Ramos v. Town of Vernon*, 208 F.3d 203 (2d Cir. 2000) (citation omitted).  "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons."  *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846–47 (1994)) (other citations omitted).  Federal courts can order prospective relief "in any civil action with respect to prison conditions," provided it "extend[s] no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs."  18 U.S.C. § 3626(a).  Thus, injunctive relief afforded by a court must be narrowly tailored or proportional to the scope of the violation and extending no further than necessary to remedy the violation.  *Brown v. Plata*, 563 U.S. 493, 531 (2011).

---

[1] Defendants maintain throughout their response that "Warden Reis is not a party to this action," Def. Obj., ECF No. 103-1, but Plaintiff named "Deputy Warden Peterson" in his Complaint.  *See* IRO, ECF No. 22 at 1.  Plaintiff explains in his Reply that this defendant is now married and goes by the name of "Peterson-Reis."  Reply, ECF No. 106 at 1.  The Court can infer that "Peterson-Reis" was promoted from Deputy Warden to Warden.  Thus, Warden Peterson-Reis is a party to this action.

To obtain a preliminary injunction, "the movant has to 'demonstrate (1) irreparable harm absent injunctive relief, (2) a likelihood of success on the merits, and (3) public interest weighing in favor of granting the injunction.'" *Yang v. Kosinski*, 960 F.3d 119, 127 (2d Cir. 2020) (footnote omitted). "The movant also must show that 'the balance of equities tips in his [or her] favor.'" *Id*. (alteration in original) (footnote omitted). "But where the movant is seeking to modify the status quo by virtue of a '*mandatory* preliminary injunction' (as opposed to seeking a '*prohibitory* preliminary injunction' to maintain the status quo), or where the injunction being sought 'will provide the movant with substantially all the relief sought and that relief cannot be undone even if the defendant prevails at a trial on the merits,' the movant must also: (1) make a 'strong showing' of irreparable harm, and (2) demonstrate a 'clear or substantial likelihood of success on the merits.'" *Id.* at 127–28 (emphasis in original) (footnotes omitted).

Plaintiff requests five types of injunctive relief in his Motion for TRO: (1) a $3,000 sanction against each defendant to be paid to the Plaintiff; (2) an order compelling DOC officials to disburse Plaintiff's money from his inmate trust account; (3) an order compelling DOC to cease denying Plaintiff medical care; (4) an order compelling DOC to cease denying Plaintiff mental health treatment; (5) an order compelling DOC to cease denying Plaintiff his breathing treatment; and (6) an order compelling DOC officials to cease retaliating against Plaintiff and refrain from retaliating against him in the future. *See* ECF Nos. 82 at 35; 87 at 25. Other than the request for a monetary sanction, the injunctive relief sought has nothing to do with Plaintiff's high security status. ECF No. 82 at 35. Assuming—without deciding—that the payment of money on an interim basis is *ever* an appropriate form of injunctive relief, because Plaintiff seeks to disrupt the status quo through his request for injunctive relief, he must make a "strong showing" of irreparable harm absent Defendants paying $3,000 to him. *See Yang*, 960 F.3d at 127–28. The Second Circuit

considers a showing of irreparable harm the most important requirement for an award of preliminary injunctive relief. *See Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009).

Plaintiff has not made a strong showing of irreparable harm absent his requested injunctive relief because a monetary award (even if framed as a "sanction") will not otherwise impact Plaintiff's high security status and the harms allegedly visited upon him as a result. *See Kane v. De Blasio*, 19 F.4th 152, 172 n.20 (2d Cir. 2021) (noting that preliminary injunctions are designed to *prevent* prospective harm, not compensate a plaintiff for harm that had already occurred). Accordingly, the Motion for TRO is denied on this basis.

But even if this was not so, nor has Plaintiff shown a "clear or substantial likelihood of success on the merits." *Id*. at 128. Allegations of irreparable harm or claims of a likelihood of success on the merits must be substantiated with evidence in admissible form. *See Girard v. Hickey*, No. 9:15-cv-0187 (TJM), 2016 WL 915253, at *7 (N.D.N.Y. Mar. 4, 2016) (citing *Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.")). Plaintiff's (largely conclusory) accusations, even if considered evidence to support his claim, are insufficient. While Plaintiff's allegations may have been sufficient to survive initial review under 28 U.S.C. § 1915A, the allegations in his Motion for TRO do not "clear[ly]" or "substantial[ly]" show a "likelihood of success on the merits." *Yang*, 960 F.3d at 128. *See also Thompson v. New York State Corr. & Cmty. Supervision*, No. 22-CV-6307-FPG, 2022 WL 4562318, at *15 (W.D.N.Y. Sept. 29, 2022) (denying motion for preliminary injunction because even though plaintiff "set[] forth enough facts to state a claim to relief that is plausible on

its face," in his complaint, he did not meet "the 'far more demanding standard' for demonstrating entitlement to injunctive relief." (internal quotation omitted)).

Lastly, Plaintiff has not demonstrated a "public interest weighing in favor of granting the injunction.'" *Yang*, 960 F.3d at 127. No public interest would be served by ordering Defendants to pay a plaintiff who has, to this point, merely asserted that his constitutional rights have been violated. Nor has he shown that the balance of equities tip in his favor. Accordingly, Plaintiff's Motion for TRO is denied.

**Motions to Compel, ECF Nos. 93 and 99**

Plaintiff has also filed a motion variously titled "Motion of Judicial Cognizance," "Motion for Contempt of a Court Order," and "Motion to Compel Initial Disclosure Order by the Court." ECF No. 93 at 1. Plaintiff alleges in that motion that Defendants have not provided Plaintiff with "all relevant [d]ocumented [e]vidence and tang[i]ble [e]vidence" pursuant to the Court's Initial Discovery Order. *Id.* at 1–2. Plaintiff seeks compensatory damages of $3,000 per Defendant, "a [n]egative [i]nference to be entered against the Defendant[]s and their counsel," and an "order [g]iven anew to comply with [the] Initial Disclosure court order." *Id*. at 3.

Plaintiff has also filed a motion to compel alleging that Defendants have not responded to his request for production of documents within thirty days. ECF No. 99 at 1. Plaintiff again seeks $3,000 in sanctions against each defendant and defense counsel and an order compelling Defendants to comply with his discovery requests. *Id.* at 9.

Defendants filed a response to Plaintiff's second motion to compel. ECF No. 108. Defendants maintain they provided 1,192 pages of discovery to Plaintiff on November 1, 2024, in response to the Court's Standing Order on Discovery. *See id*. at ¶ 4. Defendants also responded to Plaintiff's request for production on November 5, 2024. *See id*. at ¶ 5.

"Where the party responding to the motion [to compel] agrees to provide the discovery requested, a motion to compel becomes moot." *Stinson v. City of New York*, No. 10 Civ. 4228 (RWS), 2015 WL 4610422, at *3 (S.D.N.Y. July 23, 2015). *See also McKelvey v. DeJoy*, No. 3:20-cv-1591 (VLB), 2022 WL 2314610, at *3 n.3 (D. Conn. June 28, 2022) (citing *Stinson* to conclude that plaintiff's motion to compel was moot after Defendant contended it produced requested information). Because Defendants have produced the documents responsive to Plaintiff's requests in both motions, Plaintiff's motions, ECF Nos. 93 and 99, are denied as moot. As such, no sanction will be imposed.

**Motion of Judicial Cognizance, ECF No. 109**

Finally, Plaintiff has filed a "Motion of Judicial Cognizance." *See* ECF No. 109. The motion alleges that Plaintiff was "[r]etaliatorily accused of refusing to go to Court" which was a deliberate effort to prevent Plaintiff from presenting exculpatory evidence of his "false incarceration." *Id*. at ¶¶ 2–3. Plaintiff contends that he had anticipated transportation to court, but that Lieutenant Watson and Officer Shafter, in collaboration with Defendants and "other State Institutions" prevented Plaintiff from receiving transport and prevented Plaintiff from "being . . . mentally stable to litigate." *Id*. at ¶ 9. In terms of his mental health, Plaintiff avers that he was woken up at 4:00am, which Defendants knew would cause mental decompression, and in turn, cause him to become manic. *Id*. at ¶¶ 15–19. Plaintiff contends his mental illness was weaponized to create a false disciplinary report and remove Plaintiff from the special transport list that would allow him to get to court. *Id*. at ¶ 19.

Notwithstanding these articulated grievances, Plaintiff does not seek any discernible affirmative relief from the Court. Plaintiff merely apprises the Court regarding ongoing events at the facility at which he is housed involving individuals who are not parties to this action. As this

9

court has repeatedly advised Plaintiff, simply because he has litigation pending before the Court, does not serve to immerse the Court in the day to day decisions of the DOC as regards his incarceration. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979); *see also Fisher*, 981 F. Supp. at 167 ("In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons."). *See* ECF Nos. 16, 68. The Court therefore takes no action on the "motion."

**Orders**

Plaintiff's Amended Motion for Temporary Restraining Order, ECF No. 82, is **DENIED**.

Plaintiff's Motion of Judicial Cognizance, Motion for Contempt of a Court Order, Motion to Compel, ECF No. 93, is **DENIED**.

Plaintiff's Motion to Compel Discovery, ECF No. 99, is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 30th day of January 2026.

>                    */s/ Kari. A. Dooley*
>                    KARI A. DOOLEY
>                    UNITED STATES DISTRICT JUDGE